IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HELENE HAUSMAN,

    Plaintiff,

vs.    No. CIV-04-0354 JC/WDS

ZIA VISTA APARTMENTS, SENTINEL
REAL ESTATE CORPORATION, a foreign
corporation, d/b/a SENTINEL PROPERTY
MANAGEMENT CORPORATION, TINA TAIT,
and PRO LANDSCAPING,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Plaintiff's Motion to Remand to State Court Due to Absence of Subject Matter Jurisdiction*, filed December 1, 2004 (*Doc. 27*). The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion well-taken and it is, therefore, granted.

**I.**     **Background**

Plaintiff originally filed this action in state court, seeking damages for injuries she allegedly suffered as a result of Defendants' failure to effect proper snow and ice removal from the Zia Vista Apartments premises in Santa Fe, New Mexico, where Plaintiff was a tenant. The named Defendants in Plaintiff's initial complaint included only Zia Vista Apartments ("Zia") and Sentinel Real Estate Corporation ("Sentinel")[1], both of which are of diverse citizenship from Plaintiff. Zia and Sentinel timely removed the action to this Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

---

[1] It is unclear from the pleadings whether Zia and Sentinel are one Defendant or two.

Subsequently, Plaintiff moved the Court to allow joinder of two additional defendants, namely Tina Tait, former apartment manager at Zia, and Pro Landscaping, a company whom Defendants have asserted was obligated to remove the snow and ice at Zia Apartments on the date of Plaintiff's injury. Zia and Sentinel objected to joinder on two basic grounds: (1) that the motion was untimely; and (2) that amendment of Plaintiff's complaint was futile. In his Order, filed November 30, 2004 (*Doc. 25*), Judge Schneider permitted joinder of Tait and Pro Landscaping. Accordingly, Plaintiff's First Amended Complaint was also filed on November 30, 2004 (*Doc. 26*). Plaintiff presently moves the Court to remand the case to state court for want of jurisdiction resulting from the joinder of Tait and Pro Landscaping, both of whom Plaintiff contends are citizens of New Mexico and, thus, are not diverse from Plaintiff. Defendants Zia and Sentinel resist remand, asserting for the first time that Zia and Pro Landscaping were fraudulently joined to destroy federal jurisdiction.

**II.     Discussion**

The district courts of the United States generally have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. Complete diversity between a plaintiff and all defendants is required in order for a federal court to exercise diversity of citizenship subject matter jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e).

That said, the right of removal cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron & Steele Co.*, 257 U.S. 92, 97 (1921). Fraudulent joinder is a term of art; it does not reflect on the integrity of the plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant. *Chilton Private Bank v. Norsec-Cook, Inc.*, 99 B.R. 402, 403 (N.D. Ill. 1989). A non-diverse party is fraudulently joined when no cause of action is pleaded against him, or against whom there is in fact no cause of action. *Roe v. Gen. Am. Life Ins. Co.*, 712 F. 2d 450, 452 (10th Cir. 1983). To prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party. *Montano v. Allstate Indem.,* 211 F. 3d 1278, (10th Cir. 2000).

In this instance, joinder took place subsequent to removal. Thus, the Court has already passed on the propriety of the joinder once. It is this same procedural posture that led the Fifth Circuit to hold that "the fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed" and that once the district court permitted joinder of non-diverse defendants, "the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677, 678 (5th Cir. 1999).

Here, though Defendants presently argue "fraudulent joinder" for the first time, when resisting Plaintiff's Motion for joinder, Defendants asserted nearly the same arguments in the form of their "futility" of joinder argument.[2] As discussed briefly below, however, the Court finds such arguments equally unavailing at this time as they were when presented to Judge Schneider on the prior motion.

---

[2]In this way, Defendants' Response to Plaintiff's Motion for Remand reads like a motion for reconsideration of Judge Schneider's Order permitting joinder.

3

Tina Tait was the on-site manager of the property where Plaintiff allegedly sustained her injuries. Plaintiff is correct that well-settled principles of New Mexico tort law dictate Tait's exposure to joint and several liability, together with her employer, for tortious acts or omissions committed in the course and scope of her employment if such acts or omissions proximately caused Plaintiff's injury. NMSA 1978 § 41-3A-1(C)(2); *Stinson v. Berry*, 123 N.M. 482, 487 (Ct. App. 1997). Plaintiff alleges in her First Amended Complaint that Tait owed and breached a duty to Plaintiff to avoid creating, maintaining, or allowing an unreasonably dangerous condition to remain at Zia Vista Apartments. Consequently, Plaintiff in fact states a legitimate cause of action against Tait and was at liberty to join Tait as a defendant in her case, Tait's status as employee notwithstanding. Because Tait is undisputedly a citizen of New Mexico, as is Plaintiff, complete diversity was destroyed upon entry of Judge Schneider's Order permitting joinder.

Having determined that non-diverse Tait was properly joined, the Court need not explore the status of Pro Landscaping for purposes of remand, as the Court no longer enjoys subject matter jurisdiction in this action. Accordingly, the Court remands this case to the First Judicial District, County of Santa Fe, State of New Mexico as required by 28 U.S.C. § 1447(e).

WHEREFORE,

**IT IS ORDERED** that Plaintiff's *Motion to Remand to State Court Due to Absence of Subject Matter Jurisdiction*, filed December 1, 2004 (*Doc. 27*) is GRANTED.

DATED January 27, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

4

Counsel for Plaintiff:

>Paul D. Mannick, Esq.
>Coppler & Mannick, P.C.
>Santa Fe, New Mexico

Counsel for Defendants:

>Martin Diamond, Esq.
>Emily A. Franke, Esq.
>Butt, Thornton & Baehr, P.C.
>Albuquerque, New Mexico